UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PIRZADA ASTOR PLACE, LLC,

                    Plaintiff,                COMPLAINT

    - against -                          Case # CV-23-

CITY OF NEW YORK,
ADOLFO CARRION, JR., individually and in his official capacity,
KIMBERLY DARGA, individually and in her official capacity,
KAMILLA SJODIN, individually and in her official capacity,
12-22 30th AVENUE LLC,
VIEW PROPERTY MANAGEMENT, LLC, and
1220 30 AVE LLC,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       The plaintiff, PIRZADA ASTOR PLACE, LLC, complaining of the defendants, respectfully alleges:

       1.      That this action seeks a judgment declaring New York State law and New York City's Code and Rules & Regulations unconstitutional in their retroactive revocation of plaintiff's Affordable Housing tax exemption for prior owners' failures to file three annual statements of confirmation of eligibility for the exemption.

## JURISDICTION

       2.      That this action arises under the laws of the United States, particularly 42 U.S.C. §§ 1983, 1985, and 1988, and the Fifth and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Fourteenth Amendments of the United States Constitution.

3. That this Court has jurisdiction over these claims under by virtue of 28 USC §§ 1331 and 1343, 2201 and 2202.

4. That this claim asserts a pendent state claim under New York State Constitution, Article I, Section 6.

## PARTIES

A. <u>Plaintiff</u>

5. That at all times hereinafter mentioned, plaintiff was and still is a Limited Liability Company organized and existing under New York law, and a citizen and an entity within the jurisdiction and entitled to the protection of the laws of the United States of America.

B. <u>Defendants</u>

6. That at all times hereinafter mentioned and upon information and belief, defendant, CITY OF NEW YORK (hereinafter "CITY") was and still is a governmental subdivision of the State of New York.

7. That at all times hereinafter mentioned and upon information and belief, defendant ADOLFO CARRION, JR. (hereinafter "Carrion"), was and still is the Commissioner and thus the chief

ARRY H. KUTNER, JR.
ATTORNEY AT LAW
1025 FRANKLIN AVENUE
SUITE 205
GARDEN CITY, N.Y. 11530
(516) 741-2400

administrative official in charge of the New York City Department of Housing Preservation & Development (hereinafter "DHPD").

8. That at all times hereinafter mentioned and upon information and belief, defendant, KIMBERLY DARGA (hereinafter "Darga"), was and still is the Deputy Commissioner and thus the deputy chief administrative official in charge of the DHPD.

9. That at all times hereinafter mentioned and upon information and belief, defendant, KIMBERLY SJODIN (hereinafter "Sjodin"), was and still is the Assistant Commissioner and thus a subordinate administrative official in charge of the DHPD.

10. That at all times hereinafter mentioned upon information and belief, defendants, CARRION, DARGA, and SJODIN, were presumably acting both/either as individuals and/or officials of the City in applying its Code and Rules & Regulations against plaintiff.

11. That at all times hereinafter mentioned and upon information and belief, 12-22 30th Avenue LLC [hereinafter "12-22 (#1)"], was and still is a Limited Liability Company organized and existing under New York Law, and a citizen and entity within the jurisdiction of the laws of the United States.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1385 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-2400

12. That at all times hereinafter mentioned and upon information and belief, View Property Management LLC (hereinafter "VPM"), was and still is a Limited Liability Company organized and existing under New York Law, and a citizen and entity within the jurisdiction of the laws of the United States.

13. That at all times hereinafter mentioned and upon information and belief, 1222 30th AVE LLC [hereinafter "1222 (#2)"], was and still is a Limited Liability Company organized and existing under New York Law, and a citizen and entity within the jurisdiction of the laws of the United States.

## BACKGROUND

14. That at all times hereinafter mentioned, plaintiff was and still is the owner of a certain parcel of real estate located at and known as 12-26 30th Avenue, Astoria, New York, and designated as Block 515 Lot 31 on the New York City tax map (hereinafter referred to as "Subject Premises").

15. That the Subject Premises is improved with a multi-family residential rental apartment house containing thirty-six (36) units.

16. That upon information and belief and on about December 18, 2007, the Subject Premises was purchased by 12-22 (#1).

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1025 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-4300

17. That upon information and belief and in or about 2009, 12-22 (#1) applied for and received a Building permit to construct the multi-family residential rental apartment house on the Subject Premises.

18. That upon information and belief and in or about 2009, defendant, 12-22 (#1) applied for and received an RPTL § 421-a "Affordable Housing" tax exemption on said premises from defendant, CITY.

19. That in order to maintain eligibility for the tax exemption, the owner, then 12-22 (#1), was required to file yearly certifications, called an "Annual Apartment Registration" (hereinafter "AAR"), by each July of the following year.

20. That upon information and belief, said defendant, 12-22 (#1), failed to file the "Annual Apartment Registration" for the Subject Premises for the years 2010 and 2011.

21. That upon information and belief, on July 20, 2011, defendant, 12-22 (#1), sold the Subject Premises to defendant, VPM.

22. That upon information and belief, on March 26, 2015, VPM sold the Subject Premises to defendant, 1222 (#2).

23. That upon information and belief, defendant, 1222 (#2) failed to file the "Annual Apartment Registration" for the year 2019.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-2400

24. That on October 22, 2020, plaintiff signed a contract to purchase the Subject Premises from 1222 (#2) which accorded plaintiff the right to search the title to the Subject Premises to assure the condition precedent of "marketable title" was fulfilled.

25. That based on said tax covenant and representation by defendant, 1222 (#2), the Subject Premises was required to be conveyed to plaintiff free and clear of all land taxes to the date of closing and with the continued benefit of the tax exemption.

26. That plaintiff employed a title insurance company which *inter alia* provided a tax search showing that the premises was subject to the tax exemption.

27. That unknown to plaintiff, the defendant, CITY's public tax records did not contain the information that the exemption-condition-precedent AAR(s) had not all been filed and that three years were in default, namely 2010, 2011, and 2019. Thus said tax default title defect was not found nor reported to plaintiff by its title insurance company.

28. That upon information and belief, the failure to file an AAR can lead to revocation of the exemption.

29. That upon information and belief, the defendant, CITY's Code and Rules & Regulations do not require notices of the failure to file an AAR to be recorded with the County Clerk.

30. That based on the lack of any CITY publicly filed notice-record of the AAR defaults, on January 5, 2021, plaintiff purchased the Subject Premises.

31. That plaintiff continues to own the Subject Premises.

32. That on the following dates, defendant, CITY issued bills for taxes due on the property which were paid by plaintiff as listed:

| Bill Date | Payment Date |
| --- | --- |
| June 5, 2021 | July 1, 2021 |
| November 20, 2021 | December 9, 2021 |
| June 4, 2022 | June 24, 2022 |
| November 19, 2022 | December 16, 2022 |

33. That *none*, emphatically not a single one of the tax bills, contained *any* notice that the many years prior 2010, 2011, and 2019 AAR(s) had not been filed and could jeopardize the tax exemption.

34. That New York State RPTL § 421-a and defendant, CITY's Administrative Code and Rules & Regulations pursuant thereto, do not

require a Due Process-compliant level of notice, commensurate with the possible serious consequences, by recording with the County Clerk.

35. That on July 27, 2022, the CITY defendants issued a "Notice of Revocation" of the tax exemption for the Subject Premises.

36. That said Notice declared that plaintiff's exemption had been "retroactively revoked" to January 1, 2010.

37. That said period included eleven years when plaintiff did not own the Subject Premises.

38. That plaintiff had and still has no obligation to file the missing AAR(s), nor pay the taxes for the covered periods, nor would be able to do so since it has none of the information necessary to be included and certified therein.

39. That as a result of the foregoing, the CITY defendants demanded a fully restored, non-exempt-level, additional tax of $3,057,920.66.

40. That the CITY defendants demanded interest and penalties on the restored exempt amount on and after January 3, 2023.

## AS AND FOR A FIRST CLAIM OF RELIEF
(42 USC § 1983 - Deprivation of Civil Rights Based on
Due Process Violations of Fifth and Fourteenth Amendments)

41. That the CITY defendants' revocation procedure fails to provide fundamental Due Process.

42. That said failures of Due Process were:

   A. retroactive revocation of a tax exemption;

   B. financially punishing plaintiff for the failures of others;

   C. using a tax exemption process that mandates annual certifications of compliance and provides penalties including revocation of exemption for failure to do so, without any adequate Due Process level of actual and constructive notice to the owner, nor by recording fundamental notices of non-filing with the County Clerk, both of which are required for simple non-payment of taxes, a much less serious issue;

   D. using a revocation procedure that fails to provide adequate notice, within specific time periods, to be adjudicated according to specific objective standards and guidelines, leaving the CITY defendants to

HARRY H. KOTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

conduct it arbitrarily under vague and unspecified standards, for an unsupportably protracted period, lacking any criteria as to when-why revocation should be imposed;

E. thereby comprising a process that is basically completely vague and entirely discretionary;

F. enforcing a penalty too long beyond a Due Process constitutionally-compliant time;

G. thereby leading to the imposition of a penalty that is unconscionably harsh, oppressive, and absurd, and violating the common sense incorporated in and required by Due Process.

43. That the CITY defendants' said grossly dilatory non-enforcement-prosecution of the prior owners raises many issues of at least gross negligence if not malfeasance and/or corrupt actions-omissions in their decade-long indifferences followed suddenly by attention to long-ago committed minor statutory breaches not attributable to the current owner.

44. That defendants not only failed for more than one decade to enforce the registration requirement against the prior owner 12-22 (#1), and later three years against 1222 (#2), but did not provide plaintiff with constructive and/or actual and immediate notice upon its searching the

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1225 FRANKLIN AVENUE
SUITE 325
GARDEN CITY, N.Y. 11530
(516) 741-1400

CITY's tax records as to the alleged non-compliance, nor on three separate occasions when plaintiff paid taxes prior to July 27, 2022, there was no notice to plaintiff before becoming owner on January 5, 2021, nor upon filing-recording its deed, nor in the tax bills dated June 5 and November 20, 2021, and June 4, 2022, only one month before the July 27, 2022 Notice of Revocation.

45. That not once in the three tax bills nor after the plaintiff's three tax payments (June '21, December '21, and June '22) did defendants put a notice in the bills nor later contact plaintiff after its payments about the unfiled three years.

46. That it should be emphatically highlighted that the non-filings were not plaintiff's fault having occurred respectively more than eleven, ten, and two years before plaintiff even purchased the property.

47. That for a comparable situation dealing with real estate taxes, the CITY defendants, when real estate taxes are unpaid, are required by State law to notify the landowner actually and constructively within thirty days of missing the deadline, and to put an emblazoned "NOTICE" on all future tax bills as to the defaulted tax, and to notify the owner by certified mail, and than to sell the tax lien with yet further actual notice to the landowner, *all to comply with Due Process,* and yet this situation dealing with

Page -11-

a revocation of a tax exemption many, many times more costly than one tax period, the State statute, RPTL § 421-a and defendant, CITY's Code and Rules & Regulations require no similar single no less repeated notices whatsoever with regard to the failure to file certifications of continued entitlement for and compliance with a Rule & Regulation to file an AAR.

48. That as a result of the foregoing denials of both procedural and substantive Due Process, by State statute, RPTL § 421-a and defendant, CITY's Code and Rules & Regulations, are constitutionally violative.

49. That as a result of the foregoing, plaintiff demands that judgment be entered:

> A. declaring N.Y. State RPTL § 421-a to be unconstitutional in the Due Process failure to require any specific notices and criteria in adjudicating a failure to file an AAR before revocation of an exemption is imposed; and/or
>
> B. declaring defendant, CITY's Administrative Code and Rules & Regulations, Title 28, Chapter 39 to be unconstitutional as vague in the failure to specify the defendant, CITY's obligations to diligently enforce non-filings, and the bases, standards, and

factors necessary to revoke a tax exemption, thereby defaulting the determination to arbitrary, whimsical, capricious, and individual biases of defendant, CITY's employees assigned to determine whether the circumstances permit-require a penalty, and if so, its level, such as if exemption revocation is to be imposed; and/or

C. declaring defendant, CITY's Administrative Code and Rule & Regulations, Title 28, Chapter 39 procedures in this case leading to revocation to be unconstitutionally Due Process violative in that they were so long delayed, stretching back over twelve years, and for periods for which plaintiff was not liable, thereby constituting such gross and outrageously delayed penalties as to be Due Process-violative laches and waiver; and

D. declaring defendant, CITY's process revoking plaintiff's exemption, not due to plaintiff's conduct but due to the conduct of prior owners, to be Due Process violative procedurally and substantively abhorrent and unconstitutional; and/or

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1100

E. declaring defendant, CITY's retroactive revocation of the exemption on plaintiff and levying the retroactively restored non-exempt tax amounts on it despite its not being the owner at that time, to be Due Process violative and procedurally-substantively abhorrent; and

F. as a result of the foregoing, vacating and setting aside the CITY defendants' assessment of the restored factor back taxes in the sum of $3,057,920.66 plus any interest and penalties or other payments made thereon; and/or

G. for any such other and further declaratory and injunctive relief fashioned to be just, equitable, and proper to remedy defendant's unconstitutional procedures' actions, and penalties.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(42 U.S.C. §1985 - Conspiracy)

50. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "49" as though more fully set forth herein at length.

51. That City defendants conspired to deprive plaintiff of its

Due Process constitutional rights procedurally and substantively.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(42 U.S.C. §1988 - attorney's fees and expenses)

52. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "51" as though more fully set forth herein at length.

53. That plaintiff demands that its attorney's fees, costs and expenses of this action be awarded to it.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(*Monell* - against CITY only)

54. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "53" as though more fully set forth herein at length.

55. That upon information and belief, the acts complained of in the retroactive revocation of plaintiff's tax exemption based on lack of adequate prior notice and lack of any standards as to the nature and extent of the penalty to be imposed, were the result of the official policy or custom of defendant, CITY, as evidenced by its Code and Rules & Regulations.

56. That upon information and belief, said CITY policy or custom was a cause in fact of the constitutional violations resulting in

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1025 Franklin Avenue
Suite 320
Garden City, N.Y. 11530
(516) 741-1400

plaintiff's deprivations.

57. That upon information and belief, the constitutionally violative provisions were enacted by defendant, CITY, in its Code and Rules & Regulations.

58. That as a result of the foregoing, plaintiff was denied procedural and substantive Due Process.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(pendent based on N.Y. State Constitution)

59. That plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "58" as though more fully set forth herein at length.

60. That said statute, Code, and Rules & Regulations governing defendant, CITY's retroactive revocation of plaintiff's tax exemption violate the New York State Constitution, Article I, Section 6.

61. That plaintiff demands that said state statute, and CITY Code, Rules & Regulations, be declared unconstitutional.

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1025 FRANKLIN AVENUE
SUITE 115
GARDEN CITY, N.Y. 11530
(516) 741-1400

WHEREFORE, plaintiff demands that judgment be entered:

I. against the CITY defendants:

    A. declaring N.Y. State RPTL § 421-a to be unconstitutional in the Due Process failure to require any specific notices and criteria before revocation of an exemption is imposed; and/or

    B. declaring defendant, CITY's Administrative Code and Rules & Regulations, Title 28, Chapter 39 to be unconstitutional as vague as to defendant, CITY's time deadlines within which it must enforce non-filings, and in the failure to specify the bases, standards, and factors necessary to revoke a tax exemption, thereby defaulting the determination to arbitrary, whimsical, capricious, and individual biases of defendant, CITY's employees assigned to determine whether the circumstances permit-require a penalty, and if so, its level such as if exemption revocation is to be imposed; and/or

    C. declaring defendant, CITY's Administrative Code and Rule & Regulations, Title 28, Chapter 39 procedures in this case leading to revocation to be unconstitu-

tionally Due Process violative in that they were so long delayed, stretching back over twelve years, and for periods for which plaintiff was not liable, thereby constituting such gross and outrageously delayed penalties as to be Due Process-violative laches and waiver; and

D. declaring defendant, CITY's process revoking plaintiff's exemption, not due to plaintiff's conduct but due to the conduct of prior owners, to be Due Process violative procedurally and substantively abhorrent and unconstitutional; and/or

E. declaring defendant, CITY's retroactive revocation of the exemption on plaintiff and levying the retroactively restored non-exempt tax amounts on it despite its not being the owner at that time, to be Due Process violative and procedurally-substantively abhorrent; and

F. as a result of the foregoing, vacating and setting aside the CITY defendants' assessment of the restored factor back taxes in the sum of $3,057,920.66 plus any interest and penalties or

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 255
GARDEN CITY, N.Y. 11530
(516) 741-1409

other payments made thereon; and/or

G. for any such other and further declaratory and injunctive relief fashioned to be just, equitable, and proper to remedy defendant's unconstitutional procedures' actions, and penalties; and/or

II. against the individual CITY defendants:

A. for plaintiff's financial losses and litigation expenses including attorney's fees for the necessity of this action; and/or

III. against defendant, CITY only:

A. based on *Monell*, for plaintiff's financial losses and litigation expenses for the necessity of this action; and/or

IV. pursuant to 42 U.S.C. § 1988, for plaintiff's attorney's fees and other litigation expenses; and/or

V. for any such other and further relief which is just, equitable, and proper.

Dated: Garden City, New York
January 17, 2023

HARRY H. KUTNER, JR. (K-9497)

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-3400